UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEMETRIUS CATUEY, et al.,

    Plaintiffs,

v.                                            CASE NO.: 8:10-cv-2730-T-23EAJ

FLATIRON-TIDEWATER SKANSKA, et al.,

    Defendants.
_____/

**ORDER**

The plaintiffs allege racial discrimination in their employment. (Doc. 2) The defendant Flatiron Construction Company ("Flatiron") moves (Doc. 4) to dismiss and (1) accuses the plaintiffs of "shotgun pleading," (2) asserts that the complaint fails to allege that Flatiron employed each plaintiff, and (3) asserts that the plaintiffs fail to establish their entitlement to class status. Flatiron also requests (1) a more definite statement and (2) severance of the claims of the plaintiff Myra Johnson, who asserts gender discrimination and worker's compensation retaliation in addition to racial discrimination. The defendant Skanska USA Civil Southeast, Inc., ("Skanska") moves (Doc. 5) to dismiss and argues (1) that the complaint fails to state a claim, (2) that the complaint fails to state facts showing that Skanska is an employer under Title VII, and (3) that the plaintiffs fail to meet the jurisdictional prerequisites. Also, Skanska seeks to "adopt the Motion filed by Defendant Flatiron Construction Company to the extent it applies to Skanska." (Doc. 5)

The plaintiffs respond and move to remand.  (Doc. 8)  The plaintiffs argue that each claim is adequately pleaded.  The plaintiffs also assert that the defendants' argument directed against the plaintiffs' eligibility for class status is "premature and should be construed as an anticipatory response to a prospective motion for class certification."  (Doc. 8)  Because the plaintiffs are granted leave to amend their complaint, the class arguments are deferred.  (However, if the plaintiffs intend to move for class certification, plaintiffs' counsel should ensure that an amended complaint shows each named plaintiff's eligibility as a class representative.)

The defendants respond to the motion to remand (Docs. 19 and 20) and assert that, although the complaint contains state law claims, the entire action is properly removed.  The defendants assert in the alternative that only Count XXI, which asserts worker's compensation retaliation, is outside the jurisdiction of a federal court.  Because remand would moot the motions to dismiss, the remand motion is discussed first.

Most of the plaintiffs' allegations assert race discrimination.  However, Myra Johnson additionally asserts gender discrimination and worker's compensation retaliation.  The plaintiffs assert that the worker's compensation retaliation claim is non-removable.  28 U.S.C. § 1445(c) states that a "civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."  However, 28 U.S.C. § 1441(c) states that "[w]henever a [federal question claim] is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in

which State law predominates."  No party squarely addresses whether a worker's compensation claim joined with federal discrimination claims is an "otherwise non-removable claim or cause of action" within the meaning of 28 U.S.C. § 1441(c) or whether 28 U.S.C. § 1445(c) constitutes an absolute prohibition on federal court adjudication.  Reed v. Heil Company, 206 F.3d 1055 (11th Cir. 2000), holds that a federal court adjudicating both an ADA claim and a worker's compensation retaliation claim should remand the worker's compensation retaliation claim pursuant to Section 1445(c).

The main issue to which the defendants direct their argument is whether Myra Johnson asserts a worker's compensation claim within the meaning of Section 1445(c).[1] The defendants assert that "reliance on Reed is misplaced because Reed was not a claim brought under Section 440.205 but rather was brought under Section 25-5-11.1 of Alabama's worker's compensation scheme."  However, the statutes are remarkably similar.  Alabama Code § 25-5-11.1 states:

> No employee shall be terminated by an employer solely because the employee has instituted or maintained any action against the employer to recover workers' compensation benefits under this chapter or solely because the employee has filed a written notice of violation of a safety rule pursuant to subdivision (c)(4) of Section 25-5-11.

Section 440.205, Florida Statutes states that "[n]o employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation

---

[1] Skanska's opposition states that "Skanska hereby adopts the points and authorities submitted by Defendant Flatiron Construction Co. to the extent applicable."  (Doc. 19, Page 1, Note 1)

- 3 -

Law."   The defendants assert that "Florida's cause of action for workers compensation retaliation was judicially created" and that "the court-created tort of retaliatory discharge does not 'arise under' the worker's compensation act."  (Doc. 20)  The defendants argue that the claim for worker's compensation retaliation, a claim not explicitly created by statute, constitutes a tort claim outside the ambit of Section 1445(c).  The defendants state that Smith v. Piezo Technology and Professional Adm'rs, 427 So. 2d 182, 184 (Fla. 1983), which found that Section 440.205 created a private right of action, is "contrary to law."[2]  (Doc. 20, Page 4)  Neither the defendants' assertion that Smith is "contrary to law" nor any argument that Florida's cause of action for worker's compensation retaliation is judicially created establish that Johnson's claim is outside the ambit of Section 1445(c).  To the extent their argument shows that Florida's worker's compensation retaliation claim is "judicially created," the defendants fail to show that Alabama's statute is different.  Neither explicitly creates a private right of action.  Reid's holding that Section 1445(c) bars removal of a worker's compensation retaliation claim therefore applies to Johnson's claim.[3]

The defendants request that "if the Court decides that Count XXI should be remanded, remand should be limited to Count XXI which should be severed from the

---

[2] Whatever the merits of Smith, it is not for a federal district court to review a decision of the Florida Supreme Court on an issue of Florida law.

[3] In an apparent attempt to show that a Florida worker's compensation retaliation claim is removable, the defendants cite four Eleventh Circuit cases, each of which reviews the adjudication of a Florida worker's compensation retaliation claim.  However, Section 1445(c) states only that a worker's compensation retaliation claim is non-removable.  The first three cases contain no discussion of removal and are therefore of little relevance.  The fourth case, Borque v. Trugreen, Inc., 389 F.3d 1354 (11th Cir. 2004), like the first three, fails to discuss Section 1445(c).  None of these cases analyzes whether a removed worker's compensation retaliation claim, joined with a properly removed claim, requires remand.

- 4 -

other counts of the complaint." (Doc. 20, Page 11) Although piecemeal actions are disfavored, federal jurisdiction over each federal law claim is proper, and pendent jurisdiction over each state law claim, except for Count XXI, is both permitted and proper under Section 1441(c). The plaintiffs fail to provide support for the proposition that because one of many counts is improperly removed, remand of the entire action (including federal law claims) is warranted. In Reed, the only precedent provided by the plaintiff, the worker's compensation claim was remanded, but the ADA claim was properly adjudicated by the federal court. Reed, 206 F.3d at 1063.

The defendants' request for severance of each of Johnson's claims is unwarranted at this time. With the exception of the worker's compensation retaliation claim, which is remanded, and facts supporting the plaintiff's gender discrimination claim, each fact alleged by Johnson is similar or identical to a fact alleged by another plaintiff. The defendants fail to demonstrate that each plaintiff must allege identical facts to maintain one action. Severance or joinder of related claims is within the discretion of the district court.[4] The necessary remand of the worker's compensation retaliation claim creates two actions, and complete severance of Johnson's claims would create a third. The defendants fail to demonstrate a reason for severance to justify the resulting proliferation of actions.

Because the plaintiffs' motion to remand the entire action lacks merit, each motion to dismiss requires disposition. The defendants' motions (Docs. 4 and 5) assert, among

---

[4] Rule 42, Federal Rules of Civil Procedure, cited by the plaintiff, states that "[i]f actions by the court involve a common question of law or fact, the court may . . . join for hearing or trial any or all matters at issue in the actions . . . ." (emphasis supplied)

other things, that the plaintiffs fail to allege sufficient facts to show that the defendants are employers under the definition provided in Title VII. 42 U.S.C. § 2000e(b) states that the "term 'employer' means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. . . ." The plaintiffs fail to allege that (1) any defendant is in an industry affecting commerce and (2) that any defendant employs fifteen or more employees. The complaint alleges (Doc. 2, Page 1) that the defendants Flatiron and Skanska operated a joint venture and the plaintiffs assert that the "existence of a joint venture is a question to be determined by the trier of facts." (Doc. 8) However, neither the complaint nor the plaintiffs' memorandum addresses whether either defendant, either alone or pursuant to the joint venture, is an employer within the meaning of 42 U.S.C. § 2000e(b).

     The defendants assert that the "plaintiffs have not satisfied the jurisdictional prerequisites to suit against Skanska." (Doc. 5, Page 8) Paragraph 12 of the complaint asserts that "all conditions precedent to the institution and/or maintenance of this action have occurred, will occur, or have been waived." (Doc. 2, Page 2) The defendants assert that the plaintiffs fail to allege "that they have filed administrative charges of discrimination naming Skanska as their employer [or] that they have received [a] statutory Notice of Right to Sue from the Equal Employment Opportunity Commission." (Doc. 5, Pages 8-9) Paragraph 14 of the complaint asserts that each "plaintiff has timely filed the discrimination charges with the U.S. Equal Employment Opportunity Commission (EEOC) and obtained a Letter of Determination of Discrimination or Notice

of Right to Sue, which are attached hereto." (Doc. 2, Page 3) Each attachment is a "Letter of Determination," not a "Notice of Right to Sue." The plaintiffs' own complaint implicitly acknowledges the difference and the plaintiffs' response fails to address the defendants' argument, much less explain how a "Letter of Determination" satisfies the requirement. The defendants correctly note that neither Flatiron nor Skanska, but rather the putative joint venture, Flatiron Tidewater Skanska (FTS) Construction Company, is named in each "Letter of Determination." No party discusses either the nature of a "joint venture" or whether a joint venture differs in any legally cognizable manner from the joint venturers, such that notice, service, or any other legally consequential item directed to the joint venture is, in effect, directed to the joint venturers and vice versa.

As the defendants note (Doc. 4), the plaintiff's complaint contains numerous instances of "shotgun" and "boilerplate" pleading. For example, Count I of the complaint (Doc. 2, Pages 4-5) alleges racial discrimination against Demetrius Catuey. The complaint states that the defendants employed Catuey during part of 2007. However, the same count accuses the defendants of "failing or refusing to hire" Catuey. (Doc. 2, Page 5) The complaint also accuses the defendants of "segregating" Catuey even though no factual allegation supports that assertion. Paragraph 27 uses "and/or" in a long list of acts allegedly perpetrated by the defendants. An "and/or" impairs the defendants' framing a responsive pleading.

The defendants' motions to dismiss (Docs. 4 and 5) are **GRANTED**, and the plaintiffs' motion to remand (Doc. 8) is **GRANTED IN PART**. The complaint is **DISMISSED WITHOUT PREJUDICE** and Count XXI is **SEVERED** and **REMANDED** to

the Circuit Court of Hillsborough County.  On or before **February 28, 2011**, the plaintiffs shall file an amended complaint.  The plaintiffs shall allege the nature of their employment relation with, the specific acts of, and the resulting liability of, each defendant.  The plaintiff shall avoid "boilerplate" pleading, avoid "and/or," and allege the governing facts (including allegations of time, place, manner, and person).  The plaintiffs shall allege each claim in a separate count.

ORDERED in Tampa, Florida, on February 25, 2011.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE